## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON DARNELL WILLIAMS AND JULIAN HARVEY, *Plaintiffs*, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:19-CV-4299 |
| CHRISTOPHER LUGRAND DAWKINS, ET AL., *Defendants*. | § § § | |

### MEMORANDUM AND RECOMMENDATION

Defendant C Lugrand-Dawkins Enterprises LLC removed this case to federal court from the 152nd Judicial District for Harris County, Texas on November 1, 2019.[1] Dkt. 1. Plaintiffs filed an Expedited Motion to Remand on November 7, 2019. Dkt. 3. On December 2, 2019, Defendant C Lugrand-Dawkins Enterprises LLC filed a Suggestion of Bankruptcy. Dkt. 5. The District Court stayed and administratively closed this case as to Defendant C Lugrand-Dawkins Enterprises LLC *only*. Dkt. 6.

No Defendant responded to Plaintiffs' Motion to Remand. The Court recommends that Plaintiffs' claims against C Lugrand-Dawkins Enterprises LLC be severed from this action and that Plaintiffs' case against all Defendants other than C Lugrand-Dawkins Enterprises LLC be remanded to state court.

Federal jurisdiction is limited. The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction. *Manguno v. Prudential Property and*

---

[1] On November 26, 2019, United States District Judge Vanessa D. Gilmore referred this case to Magistrate Judge Christina A. Bryan pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 4.

*Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997). Defendant removed this case alleging federal question jurisdiction pursuant to 28 U.S.C. §1331. Dkt. 1 at 2. The Notice of Removal does not allege diversity jurisdiction under 28 U.S.C. §1332, and it appears from the face of Plaintiffs' petition that diversity does not exist because all Defendants and Plaintiffs are citizens of Texas. Defendant's statements in the Notice of Removal regarding federal jurisdiction, the procedural requirements for removal, and venue are conclusory and contain no factual allegations in support of removal.

The existence of federal question jurisdiction is governed by the "well pleaded complaint rule," which provides that a federal question must be presented by the fact of the plaintiff's properly pleaded complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 308, 312 (2005); *Baron v. Strassner*, 7 F. Supp. 2d 871, 873 (S. D. Tex. 1998). Plaintiffs' Original Verified Complaint, filed on September 30, 2019, asserts causes of action for violations of the Texas Securities Act, TEX. REV. CIV. STAT. ANN. art. 581-7, 9, 12, 15, and 23(C), as well as Texas common law claims of conversion, fraud, fraud by nondisclosure, conspiracy, breach of fiduciary duty, and violation of the Texas Deceptive Trade Practices Act, and seeks temporary and permanent injunctive relief and appointment of a receiver.

The existence of federal jurisdiction is judged as of the date of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition

as they existed at the time of removal.").[2]  No federal question is apparent from the face of the Original Verified Complaint, and the removing Defendant does not identify one in the Notice of Removal.  Even if Plaintiffs' state court petition had asserted a federal claim under the Securities Act of 1933, Congress has explicitly provided that such claims cannot be removed to federal court. *F.D.I.C. v. Morgan Stanley & Co. LLC*, No. CIV.A. H-11-4187, 2012 WL 401203, at *1 (S.D. Tex. Feb. 7, 2012) ("The 1933 Act provides that '[n]o case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court of the United States.' 15 U.S.C. § 77v.").

For these reasons, the Court RECOMMENDS that Plaintiffs' claims against C Legrand-Dawkins Enterprises LLC be SEVERED from this case; that Plaintiffs' Motion to Remand (Dkt. 3) be GRANTED as to all Defendants other than C Legrand-Dawkins Enterprises LLC; and Plaintiffs' case against all remaining Defendants be REMANDED to the state court from which it was removed.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal

---

[2] No Defendant has responded to the Motion to Remand or moved to transfer Plaintiffs' claims to the Bankruptcy Court pursuant to that court's "related to" jurisdiction.  *See Arnold v. Garlock*, 278 F.3d 426, 434 (5th Cir. 2001) (explaining federal court jurisdiction under 28 U.S.C. 1334(a) for cases "related to" a case under Title 11).

conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on December 18, 2019, at Houston, Texas.

                                                Christina A. Bryan
                                     United States Magistrate Judge